**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FRANK SCOTT, # 21886-112**                                                                    **PETITIONER**

**VERSUS**                                                     **CIVIL ACTION NO. 5:07-cv-45-DCB-MTP**

**CONSTANCE REESE**, **WARDEN**                                                                 **RESPONDENT**

**ORDER DENYING PETITIONER'S MOTION FOR CLASS ACTION STATUS**

The Petitioner, an inmate of the Bureau of Prisons currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Before the Court is Petitioner's motion for certification for class action status and appointment of class counsel [3, 4], pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

"An action may proceed *only* if the party seeking certification demonstrates that all four requirements of Rule 23(a)[1] are met, and that at least one of three requirements of Rule 23(b) are met." *Vizena v. Union Pacific Railroad Co.*, 360 F.3d 496, 503 (5th Cir. 2004), (*citing* FED. R. CIV. P. 23 (a-b); *Amchem Products, Inc. V. Windsor*, 521 U.S. 591, 614 (1997)). In the instant motion, Petitioner asserts: (1) the class includes all federal inmates eligible for half- way house time, numbering approximately 175,000 federal inmates;[2] (2) the class is too numerous for joinder to be practical; (3) the class and Petitioner have common issues of law and fact in the

---

[1] The four prerequisites contained in Rule 23(a) are as follows: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

[2] Residential Reentry Centers (RRC) are sometimes referred to as half-way houses.

instant action; (4) the claims and defenses of Petitioner are typical of the claims or defenses of the class; (5) the Petitioner as the representative party will fairly and adequately protect the interest of the class. *Mot. [3,4],* 1.

This Court has wide discretion in deciding whether or not to certify a proposed class. *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471-72 (5th Cir. 1986). The Court has evaluated the Petitioner's requests in accordance with the Rule 23(a) prerequisites to determine that the Petitioner has failed to establish that class certification in the instant case is warranted. The claims asserted by the Petitioner are merely conclusory and his request is ill-timed.[3]

As certification as a class action is inappropriate, Petitioner's request for appointment of class counsel is moot. Accordingly, it is hereby,

ORDERED that the Petitioner's motion for certification of class action status and appointment of class counsel [3,4] is DENIED.

THIS, the   23rd   day of April, 2007.


    s/ David Bramlette
    UNITED STATES DISTRICT JUDGE

---

[3] The Petitioner is challenging a Bureau of Prisons regulation that has already been invalidated by four Court of Appeals, *see generally Levine v. Apker*, 455 F.3d 1160 (2d Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), and considered to final judgment by numerous district courts. *See Turtle v. Francis*, 2005 WL 3504410 (S.D.Tex)(Dec.21, 2005), listing district court cases.